TATE, Judge.
The plaintiff Broussard sues for workmen’s compensation benefits. Made de *516 fendants are the plaintiffs employer and the latter’s insurer. The trial court held that Broussard had not proved an accident at work. He appeals.
The chief issue is whether the disability of which Broussard complains resulted from an alleged accident at work of July 10 or is instead solely a residual of an earlier off-work accident of April 21. Following the April accident, after four or five weeks of initial disability, the plaintiff returned to work. He worked approximately five weeks more, then quit on July 13, a Monday. His reason for quitting was back-pain.
The plaintiff Broussard contends that an accident at work on July 10, a Friday, either aggravated and caused a reoccurrence of his original back condition or else it caused an entirely new and more severe back injury.
The plaintiff, supported by one co-worker, testified that he wrenched his back at work on July 10. Another co-worker present stated that the plaintiff never complained of any back injury at work that day or at any time.
This latter co-worker and the job superintendent testified that, upon his return following the initial April injury, Brous-sard worked with complaints of pain the entire time. The superintendent further testified that, following Broussard’s quitting work on July 13, Broussard admitted he had not been hurt on the job but asked the superintendent to help him get compensation benefits.
The trial court held that plaintiff had not proved any accident at work. It specifically evaluated the plaintiff’s credibility unfavorably, in accepting the contrary testimony of the defendants’ witnesses.
The court also in part relied upon an earlier statement by Broussard to an investigator that he did not recall any specific incident at work as activating his disability, as well as upon the plaintiff’s failure to report the July incident to the physician still treating him for the residual of the April accident. (Broussard saw his physician on July 13 and July 17.) ,
We find no manifest error in the trial court’s evaluation of the testimony. In the absence of such, a reviewing court will not disturb a factual determination of a trier of fact.
 Broussard’s counsel ably contends that, in view of the medical testimony, the trial court erred. Counsel suggests that this testimony shows that Broussard could not have returned to work and that the July injury must be the cause of Brous-sard’s disability, since he could not have performed his carpentering duties in June and July unless he had been cured of his April injury. Further reliance is placed upon the principle that an employer takes an employee as he finds him, so that an aggravation at work of a minor disability into a greater one may be compensable.
The testimony of the attending physician indeed indicates that Broussard was recovering from the April incident, but that, upon a re-examination of July 13 (Monday), he found a reoccurrence or aggravation of the initial condition. Nevertheless, both the testimony of this physician and of Broussard’s co-workers show that he had never recovered from his April injury but continuously worked with complaints of back pain.
The important issue is whether a new injury or any aggravation of the April disability resulted from an incident of accident at work. While the plaintiff’s evidence as a whole corroborates his testimony of such an incident, nevertheless we are unable to find manifest error in the trial court’s rejection of the plaintiff’s testimony and its acceptance of circumstances indicating (to the contrary) that such an aggravation did not occur as a result of any incident at work.
We, therefore, affirm the trial court’s judgment dismissing the plaintiff’s claim at the cost of the plaintiff-appellant.
Affirmed.